IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALICE ASHWORTH,** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>**JULIUS ROGER BURNS, etc., et al.,** )<br>)<br>   **Defendants.** ) | CIVIL ACTION 07-0092-WS-B |

**ORDER**

The plaintiff filed her complaint on February 7, 2007. (Doc. 1). Service was completed by certified mail on February 24, 2007. (Doc. 4). On April 6, 2007, there having been no further activity in the file, the Court ordered the plaintiff to show cause why she had not sought entry of default. (Doc. 5). Instead of responding to the show cause order, the plaintiff filed a motion for default judgment, (Doc. 6), which the Court denied on April 11, 2007 because the plaintiff had not sought and obtained entry of default. (Doc. 7). The plaintiff did not thereafter seek entry of default. Accordingly, on May 9, 2007, the Court ordered the plaintiff to show cause why the action should not be dismissed for lack of prosecution. (Doc. 8). The plaintiff then applied for entry of default, (Doc. 9), but she did not explain her failure to do so previously. (Doc. 10). The clerk entered default on May 10, 2007, (Doc. 11), but the plaintiff has not moved for entry of default judgment.

"A district court may dismiss an action sua sponte under Fed. R. Civ. P. 41(b) for failure to prosecute ...." *Goodison v. Washington Mutual Bank*, 2007 WL 1455055 at *1 (11th Cir. 2007). "The district court's power to dismiss is an inherent aspect of its authority to ... ensure prompt disposition of lawsuits." *Sanders v. Barrett*, 2005 WL 2640979 at *1 (11th Cir. 2005) (internal quotes omitted). Dismissals without prejudice, where the statute of limitations will not preclude re-filing the suit, are reviewed leniently

for abuse of discretion.  *Id*.

The history of this case reflects that the plaintiff has continuously failed to prosecute, acting only when the Court has demanded that she do so, and even then performing erroneously, incompletely, or both.  It is the plaintiff's responsibility to proactively pursue her case, and it is not the office of the Court to guide the plaintiff through the process and goad her to action.

The complaint claims negligence and/or wantonness by the defendants in connection with a motor vehicle accident occurring in Mobile County in February 2006. (Doc. 1).  The Alabama statute of limitations on such actions is two years.  Ala. Code § 6-2-38; *Boyce v. Cassese*, 941 So. 2d 932, 946 (Ala. 2006).  Thus, dismissal of this action without prejudice will not preclude the plaintiff from re-filing suit.

For the reasons set forth above, this action is **dismissed without prejudice**.

DONE and ORDERED this 19th day of July, 2007.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE